Stephanie Van Marter
Acting United States Attorney
Eastern District of Washington
Bree R. Black Horse
Assistant United States Attorney
402 E. Yakima Ave. Ste. 210
Yakima, WA 98901
Telephone: (509) 454-4425

FILED IN THE U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

JUL 28 2025

SEAN F. MCAVOY, CLERK
_____, DEPUTY
YAKIMA, WASHINGTON

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>KATHLEEN ARDITH ALBERT,<br><br>Defendant. | Case No.: 1:24-CR-02054-MKD<br><br>Plea Agreement |

Plaintiff United States of America, by and through Stephanie Van Marter, Acting United States Attorney for the Eastern District of Washington, and Bree R. Black Horse, Assistant United States Attorney for the Eastern District of Washington, and Defendant KATHLEEN ARDITH ALBERT ("Defendant"), both individually and by and through Defendant's counsel, Stephen Hormel and Michael Merritt, agree to the following Plea Agreement.

1. **Guilty Plea and Maximum Statutory Penalties**

The Defendant agrees to enter a plea of guilty to Count 1 of the Indictment filed on August 13, 2024, which charges the Defendant with Aiding and Abetting Assault with a Dangerous Weapon, in violation of 18 U.S.C. §§ 113(a)(3), 1153(a) and 2, a Class C felony.

PLEA AGREEMENT - 1
Case No.: 1:24-CR-02054-MKD

The Defendant understands that the following potential penalties apply to Aiding and Abetting Assault with a Dangerous Weapon, in violation of 18 U.S.C. §§ 113(a)(3), 1153(a) and 2:

    a. a term of imprisonment of not more than ten (10) years;

    b. a term of supervised release of up to three (3) years;

    c. a fine of up to $250,000;

    d. restitution; and,

    e. a $100 special penalty assessment.

2. **Supervised Release**

The Defendant understands that if the Defendant violates any condition of the Defendant's supervised release, the Court may revoke the Defendant's term of supervised release, and require the Defendant to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term of supervised release without credit for time previously served on post release supervision, up to the following terms:

    a. 5 years in prison if the offense that resulted in the term of Supervised Release is a class A felony,

    b. 3 years in prison if the offense that resulted in the term of Supervised Release is a class B felony, and/or

    c. 2 years in prison if the offense that resulted in the term of Supervised Release is a class C felony.

Accordingly, the Defendant understands that if the Defendant commits one or more violations of supervised release, the Defendant could serve a total term of incarceration greater than the maximum sentence authorized by statute for the Defendant's offense or offenses of conviction.

//

//

PLEA AGREEMENT - 2
Case No.: 1:24-CR-02054-MKD

3. <u>The Court is Not a Party to this Plea Agreement</u>

The Court is not a party to this Plea Agreement and may accept or reject it. The Defendant acknowledges that no promises of any type have been made to the Defendant with respect to the sentence the Court will impose in this matter.

The Defendant understands the following:

    a.    sentencing is a matter solely within the discretion of the Court;

    b.    the Court is under no obligation to accept any recommendations made by the United States or the Defendant;

    c.    the Court will obtain an independent report and sentencing recommendation from the United States Probation Office;

    d.    the Court may exercise its discretion to impose any sentence it deems appropriate, up to the statutory maximum penalties;

    e.    the Court is required to consider the applicable range set forth in the United States Sentencing Guidelines, but may depart upward or downward under certain circumstances; and

    f.    the Court may reject recommendations made by the United States or Defendant, and that will not be a basis for Defendant to withdraw from this Plea Agreement or Defendant's guilty plea.

4. <u>Potential Immigration Consequences of Guilty Plea</u>

If the Defendant is not a citizen of the United States, the Defendant understands the following:

    a.    pleading guilty in this case may have immigration consequences;

    b.    a broad range of federal crimes may result in the Defendant's removal from the United States, including the offense to which the Defendant is pleading guilty;

    c.    removal from the United States and other immigration consequences are the subject of separate proceedings; and

PLEA AGREEMENT - 3
Case No.: 1:24-CR-02054-MKD

      d.    no one, including Defendant's attorney or the Court, can predict with absolute certainty the effect of a federal conviction on the Defendant's immigration status.

The Defendant affirms that the Defendant is knowingly, intelligently, and voluntarily pleading guilty as set forth in this Plea Agreement, regardless of any immigration consequences that the Defendant's guilty plea may entail.

5.   <u>Waiver of Constitutional Rights</u>

The Defendant understands that by entering this guilty plea, the Defendant is knowingly and voluntarily waiving certain constitutional rights, including the following:

    a.    the right to a jury trial;

    b.    the right to see, hear and question the witnesses;

    c.    the right to remain silent at trial;

    d.    the right to testify at trial; and

    e.    the right to compel witnesses to testify.

Although the Defendant is waiving certain constitutional rights, the Defendant understands that the Defendant retains the right to be assisted by an attorney through the sentencing proceedings in this case and any direct appeal of the Defendant's conviction and sentence, and that an attorney will be appointed at no cost if the Defendant cannot afford to hire an attorney.

The Defendant understands and agrees that any defense motions currently pending before the Court are mooted by this Plea Agreement, and the Defendant expressly waives the Defendant's right to bring any additional pretrial motions.

6.   <u>Admissibility of Facts and Prior Statements</u>

By signing this Plea Agreement, the Defendant admits the truth of the facts set forth in the Factual Basis section of this Plea Agreement and agrees that these facts, along with any written or oral statements the Defendant makes in court, shall

PLEA AGREEMENT - 4
Case No.: 1:24-CR-02054-MKD

be deemed usable and admissible against Defendant in any subsequent legal proceeding, including criminal trials and/or sentencing hearings, under Federal Rule of Evidence 801(d)(2)(A).

The Defendant acknowledges, admits, and agrees that by signing this Plea Agreement, the Defendant is expressly modifying and waiving the Defendant's rights under Federal Rule of Criminal Procedure 11(f) and Federal Rule of Evidence 410 with regard to any facts Defendant admits and/or any statements the Defendant makes in court.

7.  Elements of the Offense

The United States and the Defendant agree that in order to convict the Defendant of Aiding and Abetting Assault with a Dangerous Weapon, in violation of 18 U.S.C. §§ 113(a)(3), 1153(a) and 2, the United States would have to prove the following beyond a reasonable doubt:

   a.  *First*, on or about May 16, 2024, in the Eastern District of Washington, within the exterior boundaries of the Yakama Nation Indian Reservation, in Indian country, someone else committed the offense of assault with a dangerous weapon;

   b.  *Second*, the Defendant aided, counseled, commanded, induced, or procured that person with respect to at least one element of the offense of assault with a dangerous weapon;

   c.  *Third*, the Defendant acted with the intent to facilitate the offense of assault with a dangerous weapon; and,

   d.  *Fourth*, the Defendant acted before the offense of assault with a dangerous weapon was completed.

8.  Factual Basis and Statement of Facts

The United States and the Defendant stipulate and agree to the following: the facts set forth below are accurate; the United States could prove these facts beyond

PLEA AGREEMENT - 5
Case No.: 1:24-CR-02054-MKD

a reasonable doubt at trial; and these facts constitute an adequate factual basis for the Defendant's guilty plea.

The United States and Defendant agree that this statement of facts does not preclude either party from presenting and arguing, for sentencing purposes, additional facts that are relevant to the Sentencing Guidelines computation or sentencing.

The Defendant is an Indian. The Defendant is an enrolled member of the Confederated Bands and Tribes of the Yakama Nation. The Defendant has some quantum of Indian blood that is traceable to a member of a federally recognized tribe.

On the evening of May 16, 2024, the Defendant was in a room rented by Nora Saluskin-Cloud at the El Corral Motel ("Motel") in Toppenish, Washington, which is located in the Eastern District of Washington, within the exterior boundaries of the Yakama Nation Indian Reservation, in Indian country. While in Ms. Saluskin-Cloud's room at the Motel, Ms. Saluskin-Cloud told the Defendant to come down to Room 1 on the ground floor of the Motel. When they reached the outside of Room 1, Ms. Saluskin-Cloud pulled out a gun and handed it to the Defendant who then put the gun in her pocket. When the Defendant entered Room 1, the Defendant saw seven or eight people lined up in an "L" shape, including D.A., I.M., N.R. and I.W.W. The Defendant observed that these seven or eight people were in various stages of undress.

While in Room 1 standing next to the Defendant and an unidentified female, Ms. Saluskin-Cloud told the seven or eight people without their clothes on something to the effect of "If you want to try anything I will cut two limbs then you can walk free." Ms. Saluskin-Cloud was holding a machete in her hand when she made this statement. Ms. Saluskin-Cloud then gave the machete to the unidentified female and told her "If they do anything, cut off their limbs." The unidentified female with the machete then told the seven or eight people without their clothes on

PLEA AGREEMENT - 6
Case No.: 1:24-CR-02054-MKD

that "If they do anything, [she'll] cut off their limbs." The unidentified female subsequently hit a chair with the machete. Ms. Saluskin-Cloud then instructed the Defendant, who was still in the possession of the gun, to "watch" the seven or eight people without their clothes on and "keep" them in Room 1. Ms. Saluskin-Cloud further instructed the Defendant to "make sure they don't do anything." The Defendant did what Ms. Saluskin-Cloud told her because she did not want to get "punked out." Ms. Saluskin-Cloud subsequently left Room 1, leaving the Defendant with the gun in her pocket, the unidentified female holding the machete, and the seven or eight people without their clothes on.

After Ms. Saluskin-Cloud left Room 1, the Defendant sat in a chair close to the unidentified female in front of the door, blocking the seven or eight people without their clothes on from escaping the room. The unidentified female then continued to instruct the seven or eight people without their clothes on "Don't move or I'll hurt you." The Defendant then began smoking fentanyl while sitting in the chair near the unidentified female in front of the door. A few moments later, D.A. threw a microwave in the Defendant's direction, which hit the wall between the Defendant and the unidentified female with the machete. D.A. and I.M. then escaped Room 1 through the bathroom window. The Defendant told the remainder of the people in Room 1 to get their clothes on and leave.

As the seven or eight people were leaving the room, Ms. Saluskin-Cloud came back to the room, grabbed the gun back from the Defendant and chased the people. Ms. Saluskin-Cloud ordered the Defendant to help her, but the Defendant refused. The Defendant then went to a car a family member was driving in the vicinity of the Motel. Ms. Saluskin-Cloud then entered the car unexpectedly while holding the gun and ordered them to take her with them. The family member drove from the motel back to the Defendant's residence. The Defendant entered her home and left Ms. Saluskin-Cloud passed out in the car.

PLEA AGREEMENT - 7
Case No.: 1:24-CR-02054-MKD

9. The United States' Agreements

The United States Attorney's Office for the Eastern District of Washington agrees not to bring additional charges against Defendant based on information in its possession at the time of this Plea Agreement that arise from conduct that is either charged in the Indictment or identified in discovery produced in this case, unless Defendant breaches this Plea Agreement before sentencing.

The United States agrees to dismiss Counts 2 and 3 of the Indictment at sentencing.

10. United States Sentencing Guidelines Calculations

Defendant understands and acknowledges that the United States Sentencing Guidelines ("U.S.S.G." or "Guidelines") apply and that the Court will determine Defendant's advisory range at the time of sentencing, pursuant to the Guidelines. The United States and Defendant agree to the following Guidelines calculations.

    a.    Base Offense Level

The United States and the Defendant agree that the base offense level for Aiding and Abetting Assault with a Dangerous Weapon is 14. U.S.S.G. §2A2.2(a).

    b.    Special Offense Characteristics

The United States and the Defendant agree that the Defendant's base offense level is increased by 3 levels because a dangerous weapon was brandished, or its use was threatened. U.S.S.G. §2A2.2(b)(2)(C).

    c.    Acceptance of Responsibility

The United States will recommend that Defendant receive a downward adjustment for acceptance of responsibility, pursuant to U.S.S.G. § 3E1.1(a), (b), if Defendant does the following:

        i.    accepts this Plea Agreement;

        ii.    enters a guilty plea at the first Court hearing that takes place after the United States offers this Plea Agreement;

PLEA AGREEMENT - 8
Case No.: 1:24-CR-02054-MKD

   iii.  demonstrates recognition and affirmative acceptance of Defendant's personal responsibility for Defendant's criminal conduct;

   iv.  provides complete and accurate information during the sentencing process; and,

   v.  does not commit any obstructive conduct.

The United States and Defendant agree that at its option and on written notice to Defendant, the United States may elect not to recommend a reduction for acceptance of responsibility if, prior to the imposition of sentence, Defendant is charged with, or convicted of, any criminal offense, or if Defendant tests positive for any controlled substance.

  d.  <u>Agreements Regarding Representations to the Court</u>

The United States has a duty of candor to the tribunal. If the United States and Defendant do not agree on the appropriate length of incarceration, the appropriate length or applicable terms of supervised release, and/or the correct guidelines calculations, variances, departures, and/or enhancements, the United States reserves the right to respond to any and all arguments made by Defendant, on any bases the United States deems appropriate, at all stages of this criminal case.

Defendant may make any arguments it deems appropriate, at all stages of this criminal case.

With regard to all briefing, submissions, and hearings in this criminal case, the United States and Defendant agree to the following provisions:

   i.  The United States and Defendant may each respond to any questions from the Court or United States Probation Office;

   ii.  The United States and Defendant may each supplement the facts under consideration by the Court by providing

PLEA AGREEMENT - 9
Case No.: 1:24-CR-02054-MKD

        information the United States or Defendant deems relevant;

iii. The United States and Defendant may each present and argue any additional facts that the United States or Defendant believe are relevant to the Sentencing Guidelines computation or sentencing;

iv. The United States and Defendant may each present and argue information that may already be known to the Court, including information contained in the Presentence Investigation Report;

v. The United States and Defendant may each respond to any arguments presented by the other;

vi. In order to support the United States' sentencing recommendation as set forth herein, the United States may oppose and argue against any defense argument or any recommendation for any sentence lower than the sentence recommended by the United States on any basis, including arguments for a lower offense level, a lower criminal history calculation, the application or non-application of any sentencing enhancement or departure, and/or any variance from the Guidelines range as calculated by the Court;

vii. In order to support the defense sentencing recommendation as set forth herein, Defendant may oppose and argue against any argument by the United States, or any recommendation for any sentence higher than the sentence recommended by the defense on any

PLEA AGREEMENT - 10
Case No.: 1:24-CR-02054-MKD

basis, including arguments for a higher offense level, a higher criminal history calculation, the application or non-application of any sentencing enhancement or departure, and/or any variance from the Guidelines range as calculated by the Court;

    viii.    The United States may make any sentencing arguments the United States deems appropriate so long as they are consistent with this Plea Agreement, including arguments arising from Defendant's uncharged conduct, conduct set forth in charges that will be dismissed pursuant to this Plea Agreement, and Defendant's relevant conduct; and

    ix.    Defendant may make any sentencing arguments consistent with this Plea Agreement Defendant deems appropriate.

    e.    <u>No Other Agreements</u>

The United States and Defendant have no other agreements regarding the Guidelines or the application of any Guidelines enhancements, departures, or variances.

    f.    <u>Criminal History</u>

The United States and Defendant have no agreement and make no representations about Defendant's criminal history category, which will be determined by the Court after the United States Probation Office prepares and discloses a Presentence Investigative Report.

11.    <u>Incarceration</u>

At the time of Defendant's original sentencing in the District Court, the United States agrees to make a sentencing recommendation to the Court that is consistent with this Plea Agreement. The United States' agreement to make such a recommendation is limited exclusively to the time of Defendant's original

PLEA AGREEMENT - 11
Case No.: 1:24-CR-02054-MKD

sentencing in the District Court. The United States' agreement to make such a recommendation does not prohibit or limit in any way the United States' ability to argue for or against any future sentencing modification that takes place after Defendant's original sentencing in the District Court, whether that modification consists of an amendment to the Guidelines, a change to a statutory minimum or maximum sentence, any form of compassionate release, any violation of Supervised Release, or any other modification that is known or unknown to the parties at the time of Defendant's original criminal sentencing. In this Plea Agreement, the United States makes no promises or representations about what positions the United States will take or recommendations the United States will make in any proceeding that occurs after Defendant's original sentencing in the District Court.

  The United States and Defendant may each recommend any legal term of incarceration.

  12. <u>Supervised Release</u>

  The United States and Defendant each agree to recommend three (3) years of supervised release. Defendant agrees that the Court's decision regarding the conditions of Defendant's Supervised Release is final and non-appealable; that is, even if Defendant is unhappy with the conditions of Supervised Release ordered by the Court, that will not be a basis for Defendant to withdraw Defendant's guilty plea, withdraw from this Plea Agreement, or appeal Defendant's conviction, sentence, or any term of Supervised Release.

  The United States and Defendant agree to recommend that in addition to the standard conditions of supervised release imposed in all cases in this District, the Court should also impose the following conditions:

    a. The United States Probation Officer may conduct, upon reasonable suspicion, and with or without notice, a search of

PLEA AGREEMENT - 12
Case No.: 1:24-CR-02054-MKD

     Defendant's person, residences, offices, vehicles, belongings, and areas under Defendant's exclusive or joint control.

  b.  Defendant shall participate and complete such drug testing and drug treatment programs as the Probation Officer directs.

  c.  Defendant shall complete a mental health evaluation and follow any treatment recommendations of the evaluating professional that do not require forced or psychotropic medication and/or inpatient confinement, absent further order of the Court. Defendant shall allow reciprocal release of information between the Probation Officer and the treatment provider. Defendant shall contribute to the cost of treatment according to the Defendant's ability.

13. **Criminal Fine**

The United States and Defendant may make any recommendation concerning the imposition of a criminal fine. The Defendant acknowledges that the Court's decision regarding a fine is final and non-appealable; that is, even if the Defendant is unhappy with a fine ordered by the Court, that will not be a basis for the Defendant to withdraw Defendant's guilty plea, withdraw from this Plea Agreement, or appeal Defendant's conviction, sentence, or fine.

14. **Mandatory Special Penalty Assessment**

The Defendant agrees to pay the $100.00 mandatory special penalty assessment to the Clerk of Court for the Eastern District of Washington, pursuant to 18 U.S.C. § 3013.

15. **Restitution**

The United States and Defendant agree that restitution is appropriate and mandatory, without regard to Defendant's economic situation, to identifiable victims

PLEA AGREEMENT - 13
Case No.: 1:24-CR-02054-MKD

who have suffered physical injury or pecuniary loss, pursuant to 18 U.S.C. §§ 3663, 3663A, 3664.

Pursuant to 18 U.S.C. § 3663(a)(3), Defendant voluntarily agrees to pay restitution for all losses caused by Defendant's individual conduct, in exchange for the United States not bringing additional potential charges, regardless of whether counts associated with such losses will be dismissed as part of this Plea Agreement. With respect to restitution, the United States and Defendant agree to the following:

      a.    <u>Restitution Amount and Interest</u>

The United States and Defendant stipulate and agree that pursuant to 18 U.S.C. §§ 3663, 3663A and 3664, the Court should order restitution in an amount to be determining at sentencing, and that any interest on this restitution amount, if any, should be waived.

      b.    <u>Payments</u>

To the extent restitution is ordered, the United States and the Defendant agree that the Court will set a restitution payment schedule based on the Defendant's financial circumstances. 18 U.S.C. § 3664(f)(2), (3)(A). Regardless, the Defendant agrees to pay not less than 10% of Defendant's net monthly income towards restitution.

      c.    <u>Treasury Offset Program and Collection</u>

The Defendant understands the Treasury Offset Program ("TOP") collects delinquent debts owed to federal agencies.

If applicable, the TOP may take part or all of Defendant's federal tax refund, federal retirement benefits, or other federal benefits and apply these monies to Defendant's restitution obligations. 26 U.S.C. § 6402(d); 31 U.S.C. § 3720A; 31 U.S.C. § 3716.

The Defendant understands that the United States may, notwithstanding the Court-imposed payment schedule, pursue other avenues to ensure the restitution

PLEA AGREEMENT - 14
Case No.: 1:24-CR-02054-MKD

obligation is satisfied, including, but not limited to, garnishment of available funds, wages, or assets. 18 U.S.C. §§ 3572, 3613, and 3664(m).

Nothing in this acknowledgment shall be construed to limit Defendant's ability to assert any specifically identified exemptions as provided by law, except as set forth in this Plea Agreement.

Until the Defendant's fine and restitution obligations are paid in full, Defendant agrees fully to disclose all assets in which Defendant has any interest or over which Defendant exercises control, directly or indirectly, including those held by a spouse, nominee or third party.

Until the Defendant's fine and restitution obligations are paid in full, Defendant agrees to provide waivers, consents, or releases requested by the U.S. Attorney's Office to access records to verify the financial information.

    d. <u>Obligations, Authorizations, and Notifications</u>

Defendant agrees to truthfully complete the Financial Disclosure Statement that will be provided by the earlier of 30 days from Defendant's signature on this plea agreement or the date of Defendant's entry of a guilty plea, sign it under penalty of perjury, and provide it to both the United States Attorney's Office and the United States Probation Office. Defendant acknowledges and understands that Defendant's failure to timely and accurately complete and sign the Financial Disclosure Statement, and any update thereto, may, in addition to any other penalty or remedy, constitute Defendant's failure to accept responsibility under U.S.S.G §3E1.1.

The Defendant expressly authorizes the United States Attorney's Office to obtain a credit report on Defendant upon the signing of this Plea Agreement. Until Defendant's fine and restitution orders are paid in full, Defendant agrees to provide waivers, consents or releases requested by the United States Attorney's Office to access records to verify the financial information.

PLEA AGREEMENT - 15
Case No.: 1:24-CR-02054-MKD

The Defendant agrees to notify the Financial Litigation Unit of the United States Attorney's Office before Defendant transfers any interest in property with a value exceeding $1,000 owned directly or indirectly, individually or jointly, by Defendant, including any interest held or owned under any name, including trusts, partnerships and corporations. Further, pursuant to 18 U.S.C. § 3664(k), Defendant shall notify the court and the United States Attorney's Office within a reasonable period of time, but no later than within 10 days, of any material change in Defendant's economic circumstances that might affect defendant's ability to pay restitution, including, but not limited to, new or changed employment, increases in income, inheritances, monetary gifts or any other acquisition of assets or money.

Until the Defendant's fine and restitution orders are paid in full, Defendant agrees to disclose all assets in which Defendant has any interest or over which Defendant exercises control, directly or indirectly, including those held by a spouse, nominee or third party.

Pursuant to 18 U.S.C. § 3612(b)(F), Defendant understands and agrees that until Defendant's fine and restitution orders are paid in full, Defendant must notify the United States Attorney's Office of any change in the mailing address or residence address within 30 days of the change.

16. <u>Payments While Incarcerated</u>

If Defendant lacks the financial resources to pay the monetary obligations imposed by the Court, Defendant agrees to earn money toward these obligations by participating in the Bureau of Prisons' Inmate Financial Responsibility Program.

17. <u>Additional Violations of Law Can Void Plea Agreement</u>

The United States and Defendant agree that the United States may, at its option and upon written notice to the Defendant, withdraw from this Plea Agreement or modify its sentencing recommendation if, prior to the imposition of sentence,

PLEA AGREEMENT - 16
Case No.: 1:24-CR-02054-MKD

Defendant is charged with or convicted of any criminal offense or tests positive for any controlled substance.

18. <u>Waiver of Appeal Rights</u>

Defendant understands that Defendant has a limited right to appeal or challenge Defendant's conviction and the sentence imposed by the Court.

In return for the concessions that the United States has made in this Plea Agreement, Defendant expressly waives all of Defendant's rights to appeal any aspect of Defendant's conviction and/or the sentence the Court imposes, on any grounds.

Defendant expressly waives Defendant's right to appeal any fine, term of supervised release, or restitution order imposed by the Court.

Defendant expressly waives the right to file any post-conviction motion attacking Defendant's conviction and sentence, including a motion pursuant to 28 U.S.C. § 2255, except one based on ineffective assistance of counsel arising from information not now known by Defendant and which, in the exercise of due diligence, Defendant could not know by the time the Court imposes sentence.

Nothing in this Plea Agreement shall preclude the United States from opposing any post-conviction motion for a reduction of sentence or other attack upon the conviction or sentence, including, but not limited to, writ of habeas corpus proceedings brought pursuant to 28 U.S.C. § 2255.

19. <u>Withdrawal or Vacatur of Defendant's Plea</u>

Should Defendant successfully move to withdraw from this Plea Agreement or should Defendant's conviction be set aside, vacated, reversed, or dismissed under any circumstance, then:

    a. Any obligations, commitments, or representations made by the United States in this Plea Agreement shall become null and void;

PLEA AGREEMENT - 17
Case No.: 1:24-CR-02054-MKD

      b.    The United States may prosecute Defendant on all available charges;

      c.    The United States may reinstate any counts that have been dismissed, have been superseded by the filing of another charging instrument, or were not charged because of this Plea Agreement; and

      d.    The United States may file any new charges that would otherwise be barred by this Plea Agreement.

The decision to pursue any or all of these options is solely in the discretion of the United States Attorney's Office.

Defendant agrees to waive any objections, motions, and/or defenses Defendant might have to the United States' decisions to seek, reinstate, or reinitiate charges if a count of conviction is withdrawn, set aside, vacated, reversed, or dismissed, including any claim alleging a violation of Double Jeopardy.

Defendant agrees not to raise any objections based on the passage of time, including but not limited to alleged violations of any statutes of limitation or any objections based on the Speedy Trial Act or the Speedy Trial Clause of the Sixth Amendment.

20.    <u>Integration Clause</u>

The United States and Defendant acknowledge that this document constitutes the entire Plea Agreement between the United States and Defendant, and no other promises, agreements, or conditions exist between the United States and Defendant concerning the resolution of the case.

This Plea Agreement is binding only on the United States Attorney's Office for the Eastern District of Washington, and cannot bind other federal, state, or local authorities.

PLEA AGREEMENT - 18
Case No.: 1:24-CR-02054-MKD

1  The United States and Defendant agree that this Agreement cannot be
2  modified except in a writing that is signed by the United States and Defendant.

3              Approvals and Signatures

4  Agreed and submitted on behalf of the United States Attorney's Office for
5  the Eastern District of Washington.

6  Stephanie Van Marter
7  Acting United States Attorney

8  _____    _7-29-25_____
9  Bree R. Black Horse                  Date
   Assistant United States Attorney

10
11  I have read this Plea Agreement and I have carefully reviewed and discussed
12  every part of this Plea Agreement with my attorney. I understand the terms of this
13  Plea Agreement. I enter into this Plea Agreement knowingly, intelligently, and
14  voluntarily. I have consulted with my attorney about my rights, I understand those
15  rights, and I am satisfied with the representation of my attorney in this case. No
16  other promises or inducements have been made to me, other than those contained in
17  this Plea Agreement. No one has threatened or forced me in any way to enter into
18  this Plea Agreement. I agree to plead guilty because I am guilty.

19  _Kathleen Albert_____    _7-28-25_____
    Kathleen Ardith Albert               Date
20  Defendant

21  //
22
23  //
24  //
25
26  //
27  //
28  PLEA AGREEMENT - 19
    Case No.: 1:24-CR-02054-MKD

1  I have read the Plea Agreement and have discussed the contents of the
2  agreement with my client. The Plea Agreement accurately and completely sets forth
3  the entirety of the agreement between the parties. I concur in my client's decision
4  to plead guilty as set forth in the Plea Agreement. There is no legal reason why the
5  Court should not accept Defendant's guilty plea.

_____     7/28/2025
Stephen Hormell                     Date
Michael Merritt
Attorneys for Defendant

PLEA AGREEMENT - 20
Case No.: 1:24-CR-02054-MKD