Stephen R. Hormel
Hormel Law Office, L.L.C.
17222 East Sprague Avenue
Spokane Valley, WA 99016
Telephone: (509) 926-5177
Facsimile: (509) 926-4318

Michael R. Merritt
The Merritt Law Firm, PLLC
1324 N. Liberty Lake Rd., #2151
Liberty Lake, WA 99019
Michael@Merritt-Firm.com
Telephone: (509) 309-9105

*Attorneys for Defendant, Attorneys for Kathleen Ardith Albert*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON
(HONORABLE MARY K. DIMKE)

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>KATHLEEN ARDITH ALBERT,<br><br>Defendant. | Case No.: 1:24-CR-2054-MKD-2<br><br>RESPONSE TO PRESENTENCE INVESTIGATION REPORT |

KATHLEEN ARDITH ALBERT, through counsel, Stephen R. Hormel for Hormel Law Office, LLC, and Michael R. Merritt for The Merritt Law Firm,

RESPONSE TO PRESENTENCE INVESTIGATION REPORT - 1

PLLC, submits the following response to the Draft Presentence Investigation Report (PSR). (ECF 73)

I. **Objections to PSR**

    A. <u>Objection for failure to include a mitigating role reduction in the PSR under USSG § 3B1.2</u>

The PSR does not include a mitigating role reduction. (ECF No. 73 at 7, ¶ 31). A mitigating role reduction from 2 to 4 levels is justified.

The Ninth Circuit Court of Appeals has set forth the test for considering whether a mitigating role reduction is appropriate. *United States v. Klensch*, 87 F.4th 1159 (9th Cir. 2023). The Ninth Circuit stated,

> "a district court must proceed in three steps" when determining "whether a defendant is substantially less culpable than the average participant in the offense." *United States v. Dominguez-Caicedo*, 40 F.4th 938, 960 (9th Cir. 2022) (emphasis added). First, it must identify all "individuals for whom there is 'sufficient evidence of their existence and participation in the overall scheme.'" Id. (citation omitted). "Second, the court must calculate a rough average level of culpability for these individuals, taking into consideration the five factors in comment 3(C) to the Mitigating Role Guideline." *Id*. And third, it "must compare the defendant's culpability to that average." *Id*. If this calculation shows that "the defendant is substantially less culpable than that average and meets the other criteria, he should be granted a mitigating role adjustment." *Id*.

*Id*, at 1163-64.

The Guidelines provide other factors for consideration on a role reduction.

RESPONSE TO PRESENTENCE INVESTIGATION REPORT - 2

Those include:

    (i) the degree to which the defendant understood the scope and structure of the criminal activity;

    (ii) the degree to which the defendant participated in planning or organizing the criminal activity;

    (iii) the degree to which the defendant exercised decision-making authority or influenced the exercise of decision-making authority;

    (iv) the nature and extent of the defendant's participation in the commission of the criminal activity, including the acts the defendant performed and the responsibility and discretion the defendant had in performing those acts;

    (v) the degree to which the defendant stood to benefit from the criminal activity.

    For example, a defendant who does not have a proprietary interest in the criminal activity and who is simply being paid to perform certain tasks should be considered for an adjustment under this guideline.

    The fact that a defendant performs an essential or indispensable role in the criminal activity is not determinative. Such a defendant may receive an adjustment under this guideline if he or she is substantially less culpable than the average participant in the criminal activity.

U.S.S.G. § 3B1.2, comment. n. 3(C).

    Here, when Ms. Albert arrived at the El Corral Motel, she was there for a sole purpose of obtaining drugs. She did not know about the events happening in Room 1 at that time. Ms. Albert had no knowledge that Saluskin-Cloud had detained and assaulted the individuals in Room 1 at gunpoint before Suluskin-

RESPONSE TO PRESENTENCE INVESTIGATION REPORT - 3

Cloud escorted Ms. Albert to the room, gave her the pistol, told her to get into the room and not let anyone leave.

Ms. Albert did not use the pistol, display or brandish the pistol. She put the pistol in her pocket and did not take it out of her pocket at any time when she was in Room 1. None of the victims reported seeing Ms. Albert with the pistol. Ms. Albert did as she was told because "she did not want to get 'punked out.'" Furthermore, Ms. Albert did not threaten anyone in Room 1 by acts or words. The only threats of violence to the victims came from the woman holding the machete.

Ms. Albert gained nothing by assisting in keeping the individuals held in Room 1 inside the room. At the first opportunity, she told the people being held to get dressed and leave. She refused to assist Saluskan-Cloud when she demanded Albert help chase down the victim. *See*, (ECF No. 71 at 4-5).

For all these reasons, Ms. Albert should be granted a mitigating role reduction in the Guideline Calculations under U.S.S.G. § 3B1.2(a) of 4 levels for minor participant, or 3 level, or at least 2 levels for minor participant under § 3B1.2(b).

A 4-level reduction is justified due to the brief time Ms. Albert was in Room 1, she did not threaten to harm the occupants. It is also apparent that the

RESPONSE TO PRESENTENCE INVESTIGATION REPORT - 4

other woman who eventually possessed the machete was holding the victims in the room before Ms. Albert was told to assist and entered the room.

II.     **The guideline calculations**

The PSR calculates the 21 to 27 month range of incarceration. This range results from total offense level of 14 in Criminal History Category III. (ECF No. 73 at 23, ¶ 148).

Should the Court grant a mitigating role reduction the guideline range would be as follows: (1) a 4-level reduction results in a guideline range of 10 to 16 months incarceration; (2) a 3-level reduction results in 12 to 18 months incarceration; and (3) a 2-level reduction results in 15 to 21 months incarceration.

III.    **List of Grounds for Downward Departure and/or Variance.**

  1. Imperfect Coercion or Duress – U.S.S.G. § 5K2.12.

  **2.** Imperfect Diminished Capacity – U.S.C.G. § 5K2.13

  **3.** Aberrant Behavior – 2K2.20

  **4.** Lack of Youthful Guidance – 5H1.12

  **5.** Traumatic Childhood –

"[D]istrict courts may even consider factors that were precluded from consideration altogether prior to *Booker,* such as drug and alcohol dependence, lack of guidance as a youth, and personal financial difficulties and economic

RESPONSE TO PRESENTENCE INVESTIGATION REPORT - 5

pressures." *United States v. Ameline*, 409 F.3d 1073, 1093 (9th Cir. 2005) (citing U.S.S.G. §§ 5H1.4, 5H1.12, and 5K2.12). Should Ms. Albert not fit squarely within the technical application of the Guidelines to justify a downward departure, each of these factors separately and together justify a downward variance. These factors will be addressed in more detail factually in the sentencing memorandum.

## IV.   Recommendations

An assault with a dangerous weapon has a maximum penalty of 10 years in prison. (ECF No. 5). This offense is a Class C felony. 18 U.S.C. § 3559(a)(3) (less than a 25-year maximum, but with 10 or more years as a maximum). Ms. Albert is eligible for a sentence of probation on a conviction for a Class C felony. 18 U.S.C. § 3561(a). The Court may impose not less than one year and no more than five years of probation. 18 U.S.C. § 3561(c).

A term of probation in this case is appropriate and gives the Court tremendous authority to impose a term of imprisonment under the original guideline range established by the Court should Ms. Albert violate and should probation be revoked. 18 U.S.C. § 3565(b). It is apparent that this offense and Ms. Albert's criminal history is driven by a serious addiction to fentanyl and methamphetamine. If probation is imposed, the Court must revoke Ms. Albert's probation and sentence her to a term of imprisonment in the event she tests positive

RESPONSE TO PRESENTENCE INVESTIGATION REPORT - 6

for drug use more than three times while on probation. This gives Ms. Albert a heightened incentive to complete her probation.

Ms. Albert has a bed date of September 22, 2025, with the Northwest Indian Treatment Center for inpatient treatment intended to target her relapse that occurred this year and resulted in reincarceration pending resolution of the case. It is requested that the Court permit her to enter treatment on that date and fashion a sentence that will allow her to participate in inpatient treatment. Additional information will be provided regarding the treatment program in the sentencing memorandum.

Therefore, it is requested that the Court impose a 3-year term of probation.

Alternatively, it is requested that the Court impose a sentence of credit for time served and as a condition of three years of supervised release, order Ms. Albert to participate in the inpatient treatment program that has been set up for her.

It is requested that the Court impose no fine. It is requested that the Court impose the $100.00 penalty assessment.

RESPONSE TO PRESENTENCE INVESTIGATION REPORT - 7

Dated this 27th day of August, 2025.

Respectfully Submitted,

*s/Stephen R. Hormel*
WSBA #18733
Hormel Law Office, L.L.C.
17722 East Sprague Avenue
Spokane Valley, WA 99016
Telephone: (509) 926-5177
Email: steve@hormellaw.com

<u>*s/Michael Merritt*</u>, WSBA#60094
The Merritt Law Firm, PLLC
1324 N. Liberty Lake Rd., #2151
Liberty Lake, WA 99019
Michael@Merritt-Firm.com
(509) 309-9105

## CERTIFICATE OF SERVICE

I hereby certify that on this 27th day of August 2025, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the following: Bree R. Black Horse, Assistant United States Attorney

<u>*s/Michael Merritt*</u>
Michael Merritt, WSBA#60094